IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:05CR206

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| KELVIN TREMAYNE DAVIS ) | |

**THIS MATTER** is before the Court on the Defendant's motion to remain on bond pending appeal, filed June 27, 2006, and is construed by this Court as a motion to stay sentence pending appeal. The motion is denied.

## I. PROCEDURAL BACKGROUND

On June 6, 2005, the Defendant was charged with possession with intent to distribute cocaine and cocaine base (Counts One and Two) and using a firearm during and in relation to a drug trafficking offense (Count Three). **Bill of Indictment, filed June 6, 2005.** On November 17, 2005, Defendant's case was called for trial; a jury was selected and evidence

was presented by the Government. After the Court denied the Defendant's motion to suppress, the Defendant elected to change his pleas of not guilty to guilty. A Rule 11 proceeding was held and the Defendant entered guilty pleas to each of the charges contained in the indictment without benefit of a plea agreement. **Rule 11 Inquiry (No Wirtten Plea Agreement), filed November 17, 2005.** On May 22, 2006, the undersigned sentenced the Defendant to serve a term of 180 months imprisonment. **Judgment in a Criminal Case, filed June 13, 2006.** The Defendant was allowed to self-report to the correctional facility designated by the Bureau of Prisons. *Id., at 2.* Immediately after the Rule 11 proceeding held in November 2005, the Defendant filed a notice of appeal, however, no grounds for the appeal are alleged in the notice.[1] **Notice of Appeal, filed November 18, 2005.**

## II. STANDARD

The release of a defendant after conviction but during the pendancy of an appeal is controlled by 18 U.S.C. § 3143(b) which provides in pertinent part:

---

[1] The Fourth Circuit has held the Defendant's notice of appeal in abeyance until entry of Judgment by this Court. **See Fourth Circuit Notice, filed March 22, 2006.**

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; *and*
>     (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>         (i) reversal,
>         (ii) an order for a new trial,
>         (iii) a sentence that does not include a term of imprisonment, or
>         (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

**18 U.S.C. § 3143(b) (emphasis added).** "The clear language of th[e] section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception." ***United States v. Hamrick*, 720 F. Supp. 66, 67 (W.D.N.C. 1989).**

    By virtue of the fact that the Court allowed the Defendant to self-report, it was found that the Defendant is not likely to flee or to pose a danger to any person or the community pending his report date. However, the undersigned cannot find that the appeal raises a substantial question of law or fact which is likely to result in any of the alternatives listed by the

statute. A substantial question, for the purpose of this statute, is "a 'close' question or one that very well could be decided the other way." ***United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (citing *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985)); *Hamrick*, *supra*, at 68.** The undersigned, therefore, finds there is no discretion to grant the relief requested.

Defendant is advised that he may renew this application before the Fourth Circuit Court of Appeals. **Fed. R. App. P. 8, 18.**

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to remain on bond pending appeal and/or for a stay of sentence pending appeal is hereby **DENIED**.

Signed: June 29, 2006

Lacy H. Thornburg
United States District Judge